# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ISABEL TUBACH,

                Plaintiff,

    v.

J. BROWN, et al.,

                Defendants.

_____/

CASE NO.  1:12-cv-01373-GBC (PC)

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

Doc. 3

On August 22, 2012, Plaintiff Isabel Tubach ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion to proceed in forma pauperis and a motion for temporary restraining order. Docs. 2, 3.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 22 (emphasis added). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

The pendency of this action does not give the Court jurisdiction over prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93

1   (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is

2   limited to the parties in this action and to the viable legal claims upon which this action is

3   proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

4     As a threshold matter, Plaintiff must establish that she has standing to seek preliminary

5   injunctive relief. *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969. Plaintiff "must show that he

6   is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be

7   actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged

8   conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or

9   redress the injury." *Id.*

10     In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

11   which provides in relevant part, "Prospective relief in any civil action with respect to prison

12   conditions shall extend no further than necessary to correct the violation of the Federal right of a

13   particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the

14   court finds that such relief is narrowly drawn, extends no further than necessary to correct the

15   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

16   the Federal right." 18 U.S.C. § 3626(a)(1)(A).

17     The Court's jurisdiction is limited to the parties in this action and to the viable legal claims

18   upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

19   Plaintiff's complaint has yet to be screened. Thus, Plaintiff lacks standing in this action to obtain the

20   relief sought. *Summers*, 555 U.S. at 493; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61

21   (1992); *Mayfield*, 599 F.3d at 969.

22     Accordingly, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunction,

23   filed August 22, 2012, is DENIED.

24

25   IT IS SO ORDERED.

26   Dated:  December 17, 2012

27               UNITED STATES MAGISTRATE JUDGE

28